## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **MOTOROLA MOBILITY, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. 10-cv-826** |
| ) | |
| **MICROSOFT CORPORATION**, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Motorola Mobility, Inc. ("Motorola Mobility"), for its complaint against Defendant Microsoft Corporation ("Microsoft"), avers as follows:

## NATURE OF THE ACTION

1.      This is an action brought by Motorola Mobility against Microsoft for Microsoft's infringement of Motorola Mobility's patents.  In particular, Motorola Mobility seeks remedies for Microsoft's infringement of Motorola Mobility's U.S. Patents Nos. 6,992,580; 7,106,358; and 6,686,931 (collectively, "the Asserted Patents").

2.      Motorola Mobility has previously asserted U.S. Patent No. 6,686,931 against Microsoft in this District in *Motorola Mobility, Inc. v. Microsoft Corporation*, Civil Action No. 3:10-cv-00700 ("Civil Action No. 700").  That lawsuit also includes six other patents, including five that are asserted by Motorola in a Complaint against Microsoft in the International Trade Commission ("ITC"); the ITC recently instituted Investigation No. 337-TA-752 in response to that Complaint.  Motorola Mobility expects that, at Microsoft's request, these patents will be

subject to an automatic stay in Civil Action No. 700 pursuant to 28 U.S.C. § 1659.  At that time, Motorola Mobility will seek dismissal without prejudice of claims relating to U.S. Patent No. 6,686,931 in that action, in favor of the claim with respect to that patent in this action.

## THE PARTIES

3.      Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Motorola Mobility is a wholly owned subsidiary of Motorola, Inc. Motorola Mobility is the assignee of all right, title and interest, including the right to sue for past infringement, in and to the Asserted Patents.

4.      Motorola Mobility and its affiliates (collectively, "Motorola") are a leading innovator in the communications and electronics industry.  From the introduction of its first commercially successful car radio in 1930 to the inception of the world's first commercial portable cellular phone in 1983 and thereafter, Motorola has developed substantial proprietary and leading technology relating to wireless communications and electronics.  Among other things, Motorola designs, manufactures, sells, and services wireless handsets with integrated software and accessory products.

5.      Microsoft is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Microsoft Way, Redmond, Washington 98052.

6.      On information and belief, Microsoft directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells, and/or offers to sell throughout the United States, including in this District, and/or imports into the United States, various models of the Xbox 360 video game console ("the Xbox 360") and/or accessories, including the Kinect sensor

device for use with various models of the Xbox 360 video game console (collectively, "the Kinect Gaming System").

## JURISDICTION AND VENUE

7.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

9.      On information and belief, this Court has personal jurisdiction over Microsoft because Microsoft regularly conducts business in this District and has committed and continues to commit acts of patent infringement in this District.

## THE ASSERTED PATENTS

10.      United States Patent No. 6,992,580, titled "Portable Communication Device And Corresponding Method Of Operation," which issued on January 31, 2006, names Michael D. Kotzin, Matthew H. Klapman and William P. Alberth, Jr. as inventors.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '580 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '580 Patent is attached as Exhibit A.

11.      United States Patent No. 7,106,358, titled "Method, System And Apparatus For Telepresence Communications," which issued on September 12, 2006, names George T. Valliath and Kevin W. Jelley as inventors.  Motorola Mobility is the owner by assignment of all right,

title and interest in and to the '358 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '358 Patent is attached as Exhibit B.

12.     United States Patent No. 6,686,931, titled "Graphical Password Methodology For A Microprocessor Device Accepting Non-Alphanumeric User Input," which issued on February 3, 2004, names Eric O. Bodnar as the inventor.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '931 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '931 Patent is attached as Exhibit C.

13.     On information and belief, Microsoft has had knowledge of the '580 and '358 Patents since at least the date of service of this complaint and of the '931 Patent since at least November 10, 2010.  Moreover, Microsoft and Motorola have been engaged in active patent litigation in other jurisdictions since at least October 1, 2010.  Microsoft is a sophisticated company that likely has reviewed Motorola Mobility's patent portfolio in connection with these litigations.  A short list of Motorola Mobility's patents is listed on the United States Patent and Trademark Office's website as having recent assignments recorded to "Motorola Mobility"; each of the Asserted Patents appears on this list.

**CLAIM ONE**
**(Infringement of U.S. Patent No. 6,992,580)**

14.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

15.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, at least claims 1, 2, 6, and 9-14 of the '580 Patent, pursuant to 35 U.S.C.

§ 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by its activities, including, but not limited to: (a) making, using, offering to sell, selling, and/or importing the Kinect Gaming System; (b) making, using, offering to sell, selling and/or importing the individual components of the Kinect Gaming System, including without limitation the Kinect sensor device, the Xbox 360 S, Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, and Xbox 360 Arcade; and/or (c) by inducing others to use the claimed systems and/or to practice the claimed methods.

16.     On information and belief, the products made, used, sold, offered for sale, and/or imported by Microsoft include material parts that are especially adapted for infringement of the '580 Patent, are not otherwise staple articles of commerce, or have substantial non-infringing uses.

17.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/pages/xbox-360/get-started/console/ connecting-game-controllers.aspx, http://support.xbox.com/en-us/pages/kinect/getting-started/ default.aspx, http://support.xbox.com/en-us/pages/kinect/body-controller/default.aspx, http://support.xbox.com/en-us/pages/kinect/body-tracking/default.aspx, http://support.xbox.com/ en-nz/Pages/kinect/auto-sign-in/default.aspx) instruct customers how to use these products in accordance with one or more of the asserted claims of the '580 Patent.

18.     On information and belief, Microsoft has contributed to and knowingly induced the infringement of the '580 Patent with respect to the Kinect Gaming System by selling the Kinect Gaming System with knowledge that such sales cause its customers to engage in acts that infringe the '580 Patent and with specific intent to encourage its customers' infringement of the

'580 Patent. Such knowledge and intent are manifest in and can be inferred from, among other places, the instructional materials provided by Microsoft.

19.    Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

20.    Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '580 Patent in an amount to be determined at trial.

21.    On information and belief, Microsoft's infringement of the '580 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

22.    On information and belief, Microsoft's infringement of the '580 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**CLAIM TWO**
**(Infringement of U.S. Patent No. 7,106,358)**

23.    Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

24.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, at least claims 1, 3, 4, 7, 10-12, 17-19, 24, 25, 27, 29, 34, 36, 37, 41, 44-47, 52, 53, 55, 56, 63, and 67-69 of the '358 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by its activities, including, but not limited to: (a) making, using, offering to sell,

selling, and/or importing the Kinect Gaming System; (b) making, using, offering to sell, selling and/or importing individual components of the Kinect Gaming System, including without limitation the Kinect sensor device, the Xbox 360 S, Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, and Xbox 360 Arcade; and/or (c) by inducing others to use the claimed systems and/or to practice the claimed methods.

25. On information and belief, the products made, used, sold, offered for sale, and/or imported by Microsoft include material parts that are especially adapted for infringement of the '358 Patent, are not otherwise staple articles of commerce, or have substantial non-infringing uses.

26. On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/pages/kinect/getting-started/default.aspx, http://www.xbox.com/en-US/Kinect/GetStarted, http://marketplace.xbox.com/en-US/Product/ Kinect-Sports/66acd000-77fe-1000-9115-d8024d5308c9) instruct customers how to use these products in accordance with one or more of the asserted claims of the '358 Patent.

27. On information and belief, Microsoft has contributed to and knowingly induced the infringement of the '358 Patent with respect to the Kinect Gaming System by selling the Kinect Gaming System with knowledge that such sales cause its customers to engage in acts that infringe the '358 Patent and with specific intent to encourage its customers' infringement of the '358 Patent. Such knowledge and intent are manifest in and can be inferred from, among other places, the instructional materials provided by Microsoft.

28. Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

29.     Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '358 Patent in an amount to be determined at trial.

30.     On information and belief, Microsoft's infringement of the '358 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

31.     On information and belief, Microsoft's infringement of the '358 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM THREE
### (Infringement of U.S. Patent No. 6,686,931)

32.     Motorola Mobility incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13.

33.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, at least claims 1, 5, 6, 7, 9, 10, 13-16, 20-21, 23, 25, 26, 29-32, 34, 38-41 of the '931 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by its activities, including, but not limited to: (a) making, using, offering to sell, selling, and/or importing various models of the Xbox 360, including without limitation the Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, Xbox 360 Arcade, and Xbox 360 S; and/or (b) by inducing others to use the claimed systems and/or to practice the claimed methods.

34.     On information and belief, the products made, used, sold, offered for sale, and/or imported by Microsoft include material parts that are especially adapted for infringement of the

'931 Patent, are not otherwise staple articles of commerce, or have substantial non-infringing uses.

35.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-gb/pages/xbox-live/how-to/xbox-live-account-management/pass-codes.aspx,     http://support.xbox.com/en-us/pages/xbox-live/how-to/parental-control.aspx,     http://www.xbox.com/en-US/Kinect/PrivacyandOnlineSafety#FamilySafety1, http://www.xbox.com/en-US/Live/Family,     http://mktplassets.xbox.com/NR/exeres/CE743535-E322-440A-9F90-1F5AE21C205C.htm,     http://nxeassets.xbox.com/shaxam/0201/cf/07/cf07e504-55e4-4067-8d84-5729901221ae.WMV?v=1#XboxFamilySafety_720p.WMV)  instruct customers how to use these products in accordance with one or more of the asserted claims of the '931 Patent.

36.     On information and belief, Microsoft has contributed to and knowingly induced the infringement of the '931 Patent with respect to the Xbox 360 by selling the Xbox 360 with knowledge that such sales cause its customers to engage in acts that infringe the '931 Patent and with specific intent to encourage its customers' infringement of the '931 Patent. Such knowledge and intent are manifest in and can be inferred from, among other places, the instructional materials provided by Microsoft

37.     Microsoft's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm for which it has no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

38.     Motorola Mobility has been and continues to be damaged by Microsoft's infringement of the '931 Patent in an amount to be determined at trial.

39.     On information and belief, Microsoft's infringement of the '931 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

40.     On information and belief, Microsoft's infringement of the '931 Patent is exceptional and entitles Motorola Mobility to an award of its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR TRIAL BY JURY

Motorola Mobility demands a trial by jury of all claims and all issues triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Motorola Mobility respectfully requests that the Court enter a judgment:

a.      Adjudging that Microsoft has infringed one or more claims of each of the Asserted Patents;

b.      Permanently enjoining Microsoft and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement and inducement of infringement of the Asserted Patents;

c.      Awarding Motorola Mobility damages adequate to compensate it for Microsoft's infringement of the Asserted Patents including pre-judgment and post-judgment interest at the maximum rate permitted by law;

   d. Adjudging that Microsoft's infringement of each of the Asserted Patents is willful and deliberate and, therefore, that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

   e. Adjudging that Microsoft's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

   f. Awarding to Motorola Mobility such other and further relief as this Court deems proper and just.

December 23, 2010

Respectfully submitted,

/s/ Scott W. Hansen

Scott W. Hansen
shansen@reinhartlaw.com
Lynn M. Stathas
lstathas@reinhartlaw.com
Rebecca F. Kennedy
rkennedy@reinhartlaw.com
Reinhart Boerner Van Deuren S.C.
1000 North Water Street
Suite 1700
Milwaukee, WI 53202
Phone No. (414) 298-1000

*Of Counsel*:

Jesse J. Jenner*
Steven Pepe*
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Phone No. (212) 596-9000

Attorneys for Plaintiff,
MOTOROLA MOBILITY, INC.

Norman H. Beamer*
Mark D. Rowland*
Gabrielle E. Higgins*
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Phone No. (650) 617-4000

* Pro hac vice to be filed