IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOTOROLA MOBILITY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICROSOFT CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | Civil Action No. 10-cv-826 <br><br> JURY TRIAL DEMANDED |

### DEFENDANT MICROSOFT CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Microsoft Corporation ("Microsoft") answers Motorola Mobility, Inc.'s ("Motorola") Complaint for Patent Infringement ("Complaint"), filed on December 27, 2010, as follows (the numbered paragraphs below correspond to the like numbered paragraphs in the Complaint and any allegation of the Complaint not expressly admitted below is denied):

### NATURE OF THE ACTION

1.    Microsoft admits that Motorola has brought this action alleging infringement by Microsoft of United States Patent Nos. 6,992,580 ("the '580 Patent"); 7,106,358 ("the '358 Patent"); and 6,686,931 ("the '931 Patent") (collectively, "the Motorola Asserted Patents"). However, Microsoft denies committing any infringement or other tortious or unlawful act and denies that Motorola is entitled to any remedy for Microsoft's actions. Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint, and on that basis denies such allegations.

2.    Microsoft admits that Motorola has previously asserted U.S. Patent No. 6,686,931 against Microsoft in this District in *Motorola Mobility, Inc. v. Microsoft Corporation*, Civil

Action No. 3:10-cv-00700.  Microsoft admits that the 700 lawsuit includes six other patents, including five that are asserted by Motorola in a Complaint against Microsoft in the International Trade Commission ("ITC") and that ITC recently instituted Investigation No. 337-TA-752 in response to Motorola's Complaint.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint, and on that basis denies such allegations.

## THE PARTIES

3. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies such allegations.

4. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis denies such allegations.

5. Microsoft admits that it is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052-6399.

6. Microsoft admits that it imports various models of the Xbox 360 console and various accessories for these consoles (including the Kinect).  Microsoft admits that it distributes, markets, sells, and offers to sell these products throughout the United States, including in this district.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and on that basis denies such allegations.

## JURISDICTION AND VENUE

7. Microsoft admits that Motorola has alleged an action for patent infringement and that such actions arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.  However, Microsoft denies committing any infringement or other tortious or unlawful act.  Microsoft admits that this Court has subject matter jurisdiction over claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Microsoft admits that venue is proper in this Judicial District on the basis that Microsoft transacts business in this Judicial District, among others, but alleges that even if venue

CH1 5596345v.3

is proper, it is inconvenient.  Microsoft denies that it has committed and/or induced any acts of patent infringement in this Judicial District or elsewhere.  Further, Microsoft denies committing any tortious or unlawful act in this Judicial District or elsewhere.

9.     Microsoft admits that it does business in this Judicial District and that this Court has personal jurisdiction over Microsoft for the purposes of this matter.  Microsoft denies that it has committed acts of patent infringement or any tortious or unlawful acts in this District or elsewhere. Except as so admitted, Microsoft denies the remaining allegations in paragraph 9 of the Complaint.

## THE ASSERTED PATENTS

10.     Microsoft admits that U.S. Patent No. 6,992,580 is entitled "Portable Communication Device And Corresponding Method Of Operation," bears an issuance date of January 31, 2006 and shows on its face that Michael D. Kotzin, Matthew H. Klapman and William P. Alberth, Jr. are the named inventors.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and on that basis denies such allegations.

11.     Microsoft admits that U.S. Patent No. 7,106,358 is entitled "Method, System And Apparatus For Telepresence Communications," bears an issuance date of September 12, 2006 and shows on its face that George T. Valliath and Kevin W. Jelley are the named inventors.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and on that basis denies such allegations.

12.     Microsoft admits that U.S. Patent No. 6,686,931 is entitled "Graphical Password Methodology For A Microprocessor Device Accepting Non-Alphanumeric User Input," bears an issuance date of February 3, 2004 and shows on its face that Eric O. Bodnar is the named inventor.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and on that basis denies such allegations.

13.     Microsoft admits that it has had knowledge of the '580 and '358 patents since the service of Motorola's Complaint in this matter.  Microsoft admits that it has had knowledge of the '931 patent since November 10, 2010.  Microsoft admits that it has been involved in

litigation with Motorola since October 1, 2010. Except as so admitted, Microsoft denies the remaining allegations in paragraph 13 of the Complaint.

## CLAIM ONE
### ([Alleged] Infringement of U.S. Patent No. 6,992,580)

14. Microsoft incorporates by reference paragraphs 1-13 above.

15. Microsoft denies the allegations in paragraph 15 of the Complaint.

16. Microsoft denies the allegations in paragraph 16 of the Complaint.

17. Microsoft denies the allegations in paragraph 17 of the Complaint.

18. Microsoft denies the allegations in paragraph 18 of the Complaint.

19. Microsoft denies that it has committed any acts of infringement. Microsoft further denies that Motorola has been damaged by Microsoft's alleged activities or that Motorola is entitled to any form of injunctive relief on account of said alleged acts.

20. Microsoft denies that it has ever infringed or is currently infringing the '580 Patent. Microsoft further denies that Motorola has been or continues to be damaged by Microsoft's alleged activities.

21. Microsoft denies that it has ever infringed or is currently infringing the '580 Patent, willfully or in any other way.

22. Microsoft denies the allegations in paragraph 22 of the Complaint.

## CLAIM TWO
### ([Alleged] Infringement of U.S. Patent No. 7,106,358)

23. Microsoft incorporates by reference paragraphs 1-13 above.

24. Microsoft denies the allegations in paragraph 24 of the Complaint.

25. Microsoft denies the allegations in paragraph 25 of the Complaint.

26. Microsoft denies the allegations in paragraph 26 of the Complaint.

27. Microsoft denies the allegations in paragraph 27 of the Complaint.

28. Microsoft denies that it has committed any acts of infringement. Microsoft further denies that Motorola has been damaged by Microsoft's alleged activities or that Motorola is entitled to any form of injunctive relief on account of said alleged acts.

29. Microsoft denies that it has ever infringed or is currently infringing the '358 Patent. Microsoft further denies that Motorola has been or continues to be damaged by Microsoft's alleged activities.

30. Microsoft denies that it has ever infringed or is currently infringing the '358 Patent, willfully or in any other way.

31. Microsoft denies the allegations in paragraph 31 of the Complaint.

### CLAIM THREE
### ([Alleged] Infringement of U.S. Patent No. 6,686,931)

32. Microsoft incorporates by reference paragraphs 1-13 above.

33. Microsoft denies the allegations in paragraph 33 of the Complaint.

34. Microsoft denies the allegations in paragraph 34 of the Complaint.

35. Microsoft denies the allegations in paragraph 35 of the Complaint.

36. Microsoft denies the allegations in paragraph 36 of the Complaint.

37. Microsoft denies that it has committed any acts of infringement. Microsoft further denies that Motorola has been damaged by Microsoft's alleged activities or that Motorola is entitled to any form of injunctive relief on account of said alleged acts.

38. Microsoft denies that it has ever infringed or is currently infringing the '931 Patent. Microsoft further denies that Motorola has been or continues to be damaged by Microsoft's alleged activities.

39. Microsoft denies that it has ever infringed or is currently infringing the '931 Patent, willfully or in any other way.

40. Microsoft denies the allegations in paragraph 40 of the Complaint.

## JURY DEMAND

Microsoft acknowledges and joins in Motorola's demand for a trial by jury on all claims and all issues triable by jury in this action.

## PRAYER FOR RELIEF

Microsoft denies that Motorola is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

Microsoft denies all allegations of the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

41. On information and belief, Microsoft has not been and is not now infringing any valid and enforceable claim of the '580, '358, or '931 Patents, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

### Second Affirmative Defense

42. On information and belief, each and every claim of the '580, '358, and '931 Patents is invalid for failure to comply with the conditions of patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 113, and/or 133.

### Third Affirmative Defense

43. On information and belief, Motorola has inexcusably delayed filing this suit for an unreasonable period of time to the material prejudice of Microsoft and is now barred from recovery of pre-suit damages because of laches.

### Fourth Affirmative Defense

44.     On information and belief, Motorola is estopped by representations or actions taken during the prosecution of the '580, '358, and '931 Patents and related patents under the doctrine of prosecution history estoppel.

### Fifth Affirmative Defense

45.     On information and belief, the claims of the '580, '358, and '931 Patents are barred by license, equitable estoppel and/or waiver.

### Sixth Affirmative Defense

46.     To the extent Motorola seeks damages for alleged infringement more than six years prior to the filing of the present litigation, Motorola's claims are barred by the statute of limitations under 35 U.S.C. § 286.

### Seventh Affirmative Defense

47.     On information and belief, Motorola's remedies are limited under 35 U.S.C. § 287.

### Eighth Affirmative Defense

48.     Motorola's demand to enjoin Microsoft is barred, as Motorola has suffered neither harm nor irreparable harm from Microsoft's actions.

### Ninth Affirmative Defense

49.     To the extent that Motorola's claims relate to the sale to and/or use by or for the United States government of the allegedly infringing products, Motorola's claims for relief are barred by 28 U.S.C. § 1498.

### Tenth Affirmative Defense

50.     Microsoft reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in

CH1 5596345v.3

equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Microsoft Corporation ("Microsoft") brings these counterclaims against Motorola Mobility, Inc. ("Motorola") for Motorola's infringement of U.S. Patent Nos. 6,374,276 ("the '276 Patent"); 7,454,718 ("the '718 Patent"); 6,822,664 ("the '664 Patent"); 7,421,666 ("the '666 Patent"); and 6,256,642 ("the '642 Patent") (collectively the "Microsoft Asserted Patents"), injunctive relief and declaratory relief and hereby avers and complains as follows:

## PARTIES

1. Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington.

2. On information and belief, Motorola is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

## JURISDICTION AND VENUE

3. Microsoft repeats and realleges the allegations of paragraphs 1 through 2 of these Counterclaims in their entirety.

4. Microsoft brings these counterclaims under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b) and because Motorola is subject to personal jurisdiction in this district.

6. Personal jurisdiction is proper in this district at least because Motorola has consented to jurisdiction in this district by filing suit against Microsoft in this Court.

CH1 5596345v.3

## THE MICROSOFT ASSERTED PATENTS

7.      The '276 Patent, entitled "Handheld computing device with external notification system," issued on April 16, 2002 and names William Vong and Chad Schwitters as inventors. Microsoft is the owner of all right, title, and interest in and to the '276 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '276 Patent is attached as Exhibit A.

8.      The '718 Patent, entitled "Browser navigation for devices with a limited input system," issued on November 18, 2008 and names Peter O. Vale as inventor. Microsoft is the owner of all right, title, and interest in and to the '718 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '718 Patent is attached as Exhibit B.

9.      The '664 Patent, entitled "Browser navigation for devices with a limited input system," issued on November 23, 2004 and names Peter O. Vale as inventor. Microsoft is the owner of all right, title, and interest in and to the '664 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '664 Patent is attached as Exhibit C.

10.     The '666 Patent, entitled "Browser navigation for devices with a limited input system," issued on September 2, 2008 and names Peter O. Vale as inventor. Microsoft is the owner of all right, title, and interest in and to the '666 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '666 Patent is attached as Exhibit D.

11.     The '642 Patent, entitled "Method and system for file system management using a flash-erasable, programmable, read-only memory," issued on July 3, 2001 and names William J. Krueger and Sriram Rajagopalan as inventors. Microsoft is the owner of all right, title, and interest in and to the '642 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '642 Patent is attached as Exhibit E.

## MICROSOFT'S FIRST COUNT

### (Motorola's Infringement of U.S. Patent No. 6,374,276)

12. Microsoft repeats and realleges the allegations of paragraphs 1 through 11 of these Counterclaims in their entirety.

13. On information and belief, Motorola has infringed, induced infringement of and/or contributorily infringed and continues to infringe, induce infringement of and/or contributorily infringe, at least independent claim 2 of the '276 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this district and elsewhere in the United States, by making, using, selling, offering to sell and/or importing products such as Android smartphones including, *e.g.*, at least one or more of the following: the Motorola Droid X, the Motorola Droid 2, the Motorola Backflip, the Motorola Charm, the Motorola Cliq, and the Motorola i1.

14. On information and belief, instructional materials provided by Motorola (available at, *e.g.*, http://www.motorola.com/consumers/v/index.jsp?vgnextoid=25aae66506e9d110VgnVCM100000 8406b00aRCRD, http://www.motorola.com/Support/US-EN/Consumer-Support/Mobile-Phones/Motorola+DROID+X, and http://www.motorola.com/Support/US-EN/Consumer-Support/Mobile-Phones/MOTOROLA+CLIQ_Loc%253AUS-EN) instruct customers how to use these products in accordance with at least independent claim 2 of the '276 Patent.

15. Microsoft is entitled to recover damages adequate to compensate it for Motorola's infringement, and in any event no less than a reasonable royalty.

16. Motorola's infringing activities have caused and will continue to cause Microsoft irreparable harm unless the infringement is enjoined by this Court.

## MICROSOFT'S SECOND COUNT

### (Motorola's Infringement of U.S. Patent No. 7,454,718)

17. Microsoft repeats and realleges the allegations of paragraphs 1 through 11 of these Counterclaims in their entirety.

18. On information and belief, Motorola has infringed, induced infringement of and/or contributorily infringed and continues to infringe, induce infringement of and/or contributorily infringe, at least independent claims 1, 18, and 25 of the '718 Patent, pursuant to 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents, in this district and elsewhere in the United States, by making, using, selling, offering to sell and/or importing products such as Android smartphones including, *e.g.*, at least one or more of the following: the Motorola Droid 2, the Motorola Backflip, the Motorola Charm, the Motorola Cliq, and the Motorola i1.

19. On information and belief, instructional materials provided by Motorola (available at, *e.g.*, http://www.motorola.com/consumers/v/index.jsp?vgnextoid=25aae66506e9d110VgnVCM100000 8406b00aRCRD, and http://www.motorola.com/Support/US-EN/Consumer-Support/Mobile-Phones/MOTOROLA+CLIQ_Loc%253AUS-EN) instruct customers how to use these products in accordance with at least independent claims 1, 18, and 25 of the '718 Patent.

20. Microsoft is entitled to recover damages adequate to compensate it for Motorola's infringement, and in any event no less than a reasonable royalty.

21. Motorola's infringing activities have caused and will continue to cause Microsoft irreparable harm unless the infringement is enjoined by this Court.

## MICROSOFT'S THIRD COUNT
### (Motorola's Infringement of U.S. Patent No. 6,822,664)

22. Microsoft repeats and realleges the allegations of paragraphs 1 through 11 of these Counterclaims in their entirety.

23. On information and belief, Motorola has infringed, induced infringement of and/or contributorily infringed and continues to infringe, induce infringement of and/or contributorily infringe, at least independent claims 1, 17, 32, and 50 of the '664 Patent, pursuant to 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents, in this district and elsewhere in the United States, by making, using, selling, offering to sell and/or importing products such as Android smartphones including, *e.g.*, at least one or more of the following: the

Motorola Droid 2, the Motorola Backflip, the Motorola Charm, the Motorola Cliq, and the Motorola i1.

24. On information and belief, instructional materials provided by Motorola (available at, *e.g.*, http://www.motorola.com/consumers/v/index.jsp?vgnextoid=25aae66506e9d110VgnVCM100000 8406b00aRCRD, and http://www.motorola.com/Support/US-EN/Consumer-Support/Mobile-Phones/MOTOROLA+CLIQ_Loc%253AUS-EN) instruct customers how to use these products in accordance with at least independent claims 1, 17, 32, and 50 of the '664 Patent.

25. Microsoft is entitled to recover damages adequate to compensate it for Motorola's infringement, and in any event no less than a reasonable royalty.

26. Motorola's infringing activities have caused and will continue to cause Microsoft irreparable harm unless the infringement is enjoined by this Court.

## MICROSOFT'S FOURTH COUNT
### (Motorola's Infringement of U.S. Patent No. 7,421,666)

27. Microsoft repeats and realleges the allegations of paragraphs 1 through 11 of these Counterclaims in their entirety.

28. On information and belief, Motorola has infringed, induced infringement of and/or contributorily infringed and continues to infringe, induce infringement of and/or contributorily infringe, at least independent claims 1, 13, and 21 of the '666 Patent, pursuant to 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents, in this district and elsewhere in the United States, by making, using, selling, offering to sell and/or importing products such as Android smartphones including, *e.g.*, at least one or more of the following: the Motorola Droid 2, the Motorola Backflip, the Motorola Charm, the Motorola Cliq, and the Motorola i1.

29. On information and belief, instructional materials provided by Motorola (available at, *e.g.*, http://www.motorola.com/consumers/v/index.jsp?vgnextoid=25aae66506e9d110VgnVCM10000

08406b00aRCRD, and http://www.motorola.com/Support/US-EN/Consumer-Support/Mobile-Phones/MOTOROLA+CLIQ_Loc%253AUS-EN) instruct customers how to use these products in accordance with at least independent claims 1, 13, and 21 of the '666 Patent.

30.     Microsoft is entitled to recover damages adequate to compensate it for Motorola's infringement, and in any event no less than a reasonable royalty.

31.     Motorola's infringing activities have caused and will continue to cause Microsoft irreparable harm unless the infringement is enjoined by this Court.

## MICROSOFT'S FIFTH COUNT
### (Motorola's Infringement of U.S. Patent No. 6,256,642)

32.     Microsoft repeats and realleges the allegations of paragraphs 1 through 11 of these Counterclaims in their entirety.

33.     On information and belief, Motorola has infringed, induced infringement of and/or contributorily infringed and continues to infringe, induce infringement of and/or contributorily infringe, at least independent claim 4 of the '642 Patent, pursuant to 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents, in this district and elsewhere in the United States, by making, using, selling, offering to sell and/or importing products such as Android smartphones including, *e.g.*, at least one or more of the following: the Motorola Backflip, the Motorola Charm, the Motorola Cliq, and the Motorola i1; and Motorola network router products, including at least the Motorola Mesh Wide Area Network AP 7181 and the Motorola CPEi150.

34.     On information and belief, instructional materials provided by Motorola (available at, *e.g.*, http://www.motorola.com/consumers/v/index.jsp?vgnextoid=25aae66506e9d110VgnVCM1000008406b00aRCRD, http://www.motorola.com/Support/US-EN/Consumer-Support/Mobile-Phones/MOTOROLA+CLIQ_Loc%253AUS-EN, and http://www.motorola.com/Business/US-EN/Business+Product+and+Services/Wireless+Broadband+Networks/?vgnextoid=787b3acf35e95110VgnVCM1000008406b00aRCRD) instruct customers how to use applications that cause these products to operate in accordance with at least independent claim 4 of the '642 Patent.

13

35. Microsoft is entitled to recover damages adequate to compensate it for Motorola's infringement, and in any event no less than a reasonable royalty.

36. Motorola's infringing activities have caused and will continue to cause Microsoft irreparable harm unless the infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for a judgment in its favor and against Motorola:

1. That Motorola take nothing by way of its Complaint;

2. That Microsoft has not been and is not now infringing, contributorily infringing, or inducing infringement of any valid and enforceable claim of the '580, '358, and '931, literally or under the doctrine of equivalents, willfully or otherwise;

3. That the '580, '358, and '931 Patents are invalid;

4. That the Microsoft Asserted Patents are valid and enforceable;

5. That Motorola has infringed the Microsoft Asserted Patents;

6. That Motorola, and all persons acting in privity or concert with, or otherwise controlled by Motorola, be permanently enjoined from continued infringement of the Microsoft Asserted Patents;

7. That Microsoft be awarded damages for Motorola's infringement of the Microsoft Asserted Patents, including pre-judgment and post-judgment interest; and

8. That Microsoft be awarded its expenses, costs, and attorney's fees under 35 U.S.C. § 285, along with any other and further relief as the Court deems just and proper.

CH1 5596345v.3

Dated this 19th day of January 2011.

              **MICHAEL BEST & FRIEDRICH LLP**

              By: /s/ J. Donald Best
                J. Donald Best, SBN 1012450
                John C. Scheller, SBN 1031247
                Christopher C. Davis, SBN 1064764
                P.O Box 1806
                Madison, Wisconsin 53701-1806
                Tel: (608) 257-3501
                Fax: (608) 283-2275
                Email: *jdbest@michaelbest.com*
                    *jcscheller@michaelbest.com*
                    *ccdavis@michaelbest.com*

              David T. Pritikin
              *dpritikin@sidley.com*
              Richard A. Cederoth
              *rcederoth@sidley.com*
              John W. McBride
              *jwmcbride@sidley.com*
              SIDLEY AUSTIN LLP
              One South Dearborn
              Chicago, Illinois 60603
              Tel. (312) 853-7000

              *Attorneys for Defendant*
              *Microsoft Corporation*

*Of Counsel:*

Douglas I. Lewis *(pro hac vice to be filed)*
*dilewis@sidley.com*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel. (312) 853-7000

T. Andrew Culbert
*andycu@microsoft.com*
David E. Killough
*davkill@microsoft.com*
**MICROSOFT CORPORATION**
1 Microsoft Way
Redmond, Washington 98052
Tel. (425) 703-8865

CH1 5596345v.3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of January, 2011, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

Respectfully submitted,

/s/ J. Donald Best
J. Donald Best

CH1 5596345v.3